**SO ORDERED.**

**SIGNED this 11th day of March, 2015.**





Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION ONLY

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ALEX J. GARCIA, | ) | Case No. 12-10394 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| J. MICHAEL MORRIS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 14-5042 |
| | ) | |
| LENORE GARCIA INTER VIVOS | ) | |
| TRUST, by William B. Garcia Successor | ) | |
| Trustee; the lineal blood descendants | ) | |
| JEFFREY D. GARCIA, | ) | |
| (Shane D. Massell, Matthew Garcia, | ) | |
| a/k/a Matthew Garcia Fry, Derek A. | ) | |
| Duncan); WILLIAM B. GARCIA; | ) | |
| the lineal blood descendants of | ) | |
| JONATHAN GARCIA, (Nathan A. | ) | |
| Garcia, Jonathan Scott Garcia, Jesse | ) | |
| Douglas Garcia, Rachel Lynne Garcia, | ) | |

1

| | |
|---|---|
| Kaleb Garcia a/k/a Kalieb Stone Garcia); and the lineal blood descendants of VICTOR M. GARCIA, (Victor M. Garcia, II, Melissa Garcia, And Elizabeth Garcia), | ) ) ) ) ) ) |
| **Defendants.** | ) ) ) |

### ORDER ON DEFENDANT LENORE GARCIA INTER VIVOS TRUST'S MOTION FOR SUMMARY JUDGMENT

Whether someone or some entity is an "insider" of the debtor is a core concept in the Bankruptcy Code because transactions between debtors and their insiders are more closely scrutinized than those between debtors and strangers. The Code recognizes and embraces the idea, familiar in non-bankruptcy law, that a debtor's dealing with persons of affinity may not necessarily be at arm's length or in good faith. Thus, while the trustee can only avoid preferential transfers made within 90 days of the petition date to or for the benefit of non-insiders, insider transfers made within one year are vulnerable.[1]

Alex Garcia is one of Lenore Garcia's sons. Before she died in 2008, Ms. Garcia executed a living trust that settled upon two of her sons all of her assets and provided for the administration and distribution of those assets to all of her sons or, if any of them predeceased her, their children. Among these assets was a limited liability company, Lenore's La Casita, L.L.C. The L.L.C. operated a restaurant in Salina. Under the terms of the Trust, Alex and his brother Paul Garcia had an option to buy the restaurant business from the Trust by making a series of annual payments to the

---

[1] 11 U.S.C. § 547(b)(4)(B).

2

Trust for the benefit of certain Trust beneficiaries. When they defaulted on the option, the Trust sued and obtained a partial judgment against Alex and Paul for the first two past-due payments. Alex and Paul paid $35,000 on the judgment seven days after its entry and within a year of Alex's chapter 13 filing. Now Alex's bankruptcy trustee seeks to avoid and recover that payment as a preference and the Trust moves for summary judgment, claiming that because trusts are not enumerated as one of the named classes of insiders in 11 U.S.C. § 101(31), the bankruptcy trustee cannot avail himself of the expanded look back period.[2] This argument ignores the reality that the Trust was established to distribute the dying Lenore's assets to her sons and their children and that the payment was made for the sons' and their children's benefit. Because all of the Trust beneficiaries are Alex's relatives, they are statutory insiders under 11 U.S.C. §§ 101(31) and (45). The motion for summary judgment must therefore be denied.[3]

Summary Judgment Standards

William Garcia, in his capacity as successor trustee of the Trust, moves for summary judgment under Fed. R. Civ. P. 56, as made applicable in adversary proceedings by Fed. R. Bankr. P. 7056. He argues that the Trust, the recipient of the debtor's transfer, is not an insider. Many of the material facts relate to the terms of the written Trust instrument and are beyond dispute. The bankruptcy trustee agrees

---

[2] Adv. Dkt. 32, 33.

[3] The Court has subject matter jurisdiction over this preference action as a core proceeding. *See* 28 U.S.C. § 157(b)(1) and (b)(2)(F) and § 1334. J. Michael Morris, the chapter 7 bankruptcy trustee appears on his own behalf. The Lenore Garcia Intervivos Trust, by its trustee William B. Garcia, appears by attorney Elizabeth Carson.

3

that there are no facts in dispute and relies solely on the Trust's beneficiaries' statutory insider status. Summary judgment is proper where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.[4] A preference case based upon a statutory insider is particularly suited for disposition by summary judgment because the issue revolves around the legal conclusion drawn from the undisputed facts against the backdrop of a definitional statute that enumerates certain positions or relationships as insiders and does not depend on actual control.[5] At the summary judgment stage then, the Court is tasked with determining whether or not the uncontroverted facts establish as a matter of law that the Trust beneficiaries occupy the requisite relationship to the debtor to qualify as a statutory insider under § 101(31)(A).[6]

Uncontroverted Facts

Lenore Garcia's six sons are Paul, William, Victor, Jeffrey, Jonathan and Alex Garcia. On November 18, 2008, Lenore settled a living trust on herself and Paul and Alex as co-trustees for the benefit of all six of her sons and one grandson, Matthew Garcia Frye, along with her other unnamed grandchildren.[7] Among the Trust's assets was the limited liability company that held her restaurant, Lenore's La Casita.

---

[4] Fed. R. Civ. P. 56(a).
[5] *See In re Parks,* 503 B.R. 820, 830-31 (Bankr. W.D. Wash. 2013). *Cf. In re Kunz,* 489 F.3d 1072, 1079 (10th Cir. 2007) (determination of non-statutory insider, as opposed to the Code's per se insider classification, requires the weighing of evidence and cannot properly be made on summary judgment).
[6] *See In the Matter of Wescorp, Inc.,* 148 B.R. 161, 162-63 (Bankr. D. Conn. 1992) (question to be decided is whether the nondisputed facts establish that FNEC is an insider).
[7] For ease of reference the Lenore Garcia Intervivos Trust shall be referred to as the Trust. Unless otherwise specified, references to William Garcia shall be in his capacity as successor trustee of the Trust. William and the Trust may be used interchangeably in this Order as the

4

Under the Trust, Paul and Alex had the option to buy the restaurant within 90 days of Lenore's death. She died on November 25, 2008 and they exercised that option on February 23, 2009. Under the terms of the purchase option, Paul and Alex were to pay $200,000 for the restaurant business in ten equal, interest-free annual instalments, the first coming due on November 1, 2009. Those annual payments were to be distributed to their other four brothers, equally, per stirpes.[8] They tendered a partial payment of $5,000 each to their two other brothers (William and Victor) on November 1, 2009, but those payments were returned by William and Victor's attorneys in January of 2010. That August, Paul and Alex resigned as trustees and William and Victor were appointed successor trustees. In October of 2010, Paul and Alex's counsel tendered the $5,000 payments again.

In November, the new trustees sued Paul and Alex individually in state court to enforce the terms of the purchase option, sued them in their capacity as former trustees of the Trust for breach of trust, and sued Lenore's L.L.C. for an accounting. Then Victor died, leaving William as the lone successor trustee. In July of 2011, William was granted partial summary judgment in his trustee capacity on the breach of contract claim against Paul and Alex for $30,000 plus pre- and post-judgment interest, representing the two missed annual $20,000 payments less the two $5,000 payments mentioned above. On July 22, 2011, Paul and Alex paid the Trust $35,000 in satisfaction of the judgment. Thereafter, the Trust refunded them an overpayment

---

Trust is the named party defendant in this preference action and the motion for summary judgment is brought by William in his capacity as the successor trustee of the Trust.
[8] *See* Trust, ¶ 7.1(f).

5

of $1,805. The remaining claims in the case never went to trial because, on February 28, 2012, one day before the scheduled trial in state court, Alex and Paul each filed chapter 13 bankruptcy cases.

Analysis

William alleges that the Trust is not an insider and that, because the July 22, 2011 payment occurred more than 90 days before Alex's filing date, the bankruptcy trustee cannot avoid that transfer as a preference. 11 U.S.C. § 547(b)(4)(B) extends the look back period for preferences to one year when the recipient is an "insider." Thus, the question here is whether the Trust or its beneficiaries are insiders of the debtor as a matter of law.

The Code defines a statutory insider in detail at 11 U.S.C. § 101(31). That statue reads, in pertinent part—

> (31) The term "insider" includes—
> (A) if the debtor is an individual--(i) relative of the debtor or of a general partner of the debtor; (ii) partnership in which the debtor is a general partner; (iii) general partner of the debtor; or (iv) corporation of which the debtor is a director, officer, or person in control;[9]

William's argument is entirely premised on the absence of the word "trust" from this statutory definition. This observation is accurate, but superficial. Lenore settled her Trust on two of her sons as trustees for the benefit of all of her sons and her grandchildren. She conveyed the restaurant to the Trust and granted two of her sons the option to purchase it after she died. Under paragraph 7.1(f) of the Trust, Alex and Paul's annual purchase payments were to be distributed equally to the other brothers

---

[9] 11 U.S.C. § 101(31).

6

Victor, Jeffrey, William and Jonathan or, if they were deceased, to their children. When Paul and Alex failed to make full payments, Victor and William were appointed as new trustees of the Trust and sued Paul and Alex to enforce the purchase option on behalf of the Trust beneficiaries.

Section 547(b)(2) renders transfers made "to or for the benefit of a creditor" avoidable.[10] Looking past the form of the purchase option transaction to its substance, the actual beneficiaries of the option payments under the Trust are statutory insiders because they are "relatives" of the debtors, Alex and Paul.[11] The Trust was created by Lenore to hold and distribute her assets for the benefit of her heirs. As trustee, William was its agent. He had fiduciary duties to those heirs (including himself). Each brother who was named a beneficiary of the option payment, or his children (if deceased), stands within three degrees of consanguinity or affinity of the debtors, Alex and Paul. These individuals are not only blood relatives of Alex and Paul (brothers or nieces and nephews), but they are "relatives" as that term is defined in the Bankruptcy Code.[12] The Trust's beneficiaries, for whose benefit the purchase option payments were made, are Alex's brother William and the children of his three

---

[10] The quoted phrase contemplates that either the initial transferee "or the transfer beneficiary," or both, can be sued for avoidance under § 547(b)(1). *In re Connolly North America, LLC,* 340 B.R. 829, 838 (Bankr. E.D. Mich. 2006).

[11] The Court finds persuasive the bankruptcy trustee's distinction of this case from the facts of the Trust's sole legal authority *In re Anderson*, 165 B.R. 482 (Bankr. D. Or. 1994) (mother's probate estate, which obtained a judgment lien against debtor son for sums debtor converted from the estate, was not a statutory insider of debtor son). *See* Plaintiff's Response to Motion for Summary Judgment, Adv. Dkt. 39, pp. 4-5.

[12] *See* 11 U.S.C. § 101(45) (a relative is defined as an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree").

7

deceased brothers (Jeffrey, Jonathan and Victor). They are all relatives of the debtors and, therefore, statutory insiders.[13]

The Trust's successor trustee recovered the $35,000 as part of his duties to the beneficiaries of the restaurant purchase (including himself). Apart from the insider issue, the Trust has pleaded no § 547(c) affirmative defenses to the bankruptcy trustee's claim and appears to rely entirely upon meeting and besting the statutory presumption of the debtor's insolvency under § 547(b)(3) and § 547(f). If the transfer meets the other criteria of § 547(b), it is a transfer by Alex "to or for the benefit of" his creditors, the Trust's beneficiaries. As noted above, those individuals are his "relatives," extending the applicable look back period to one year before filing, a year that easily embraces the date the payment was made.

Conclusion

Summary judgment is therefore DENIED. This adversary proceeding was previously set for a pretrial scheduling conference on April 30, 2015 to allow the plaintiff time to serve the parties he added after this motion was filed.[14] I note that each of these new parties has been served and is in default of answer. The April 30, 2015 setting will remain in force and the plaintiff should proceed to secure the entry of default judgment against any non-answering defendants.

# # #

---

[13] *See In re Ruel,* 457 B.R. 164 (Bankr. D. Mass. 2001) (debtor's siblings who were beneficiaries of family trust to which debtor gave a mortgage to secure debtor's debt to family trust, were statutory insiders).
[14] Adv. Dkt. 53.

8